427 P.2d 926

**O'MALLEY INVESTMENT AND REALTY COMPANY, an Arizona corporation, Appellant and Cross-Appellee,**

**v.**

**Lyle TRIMBLE and Margaret E. Trimble, husband and wife, Appellees and Cross-Appellants.**

**I CA–CIV 295.**

Court of Appeals of Arizona.

May 18, 1967.

Kramer, Roche, Burch, Streich & Cracchiolo, by Frank Haze Burch and Charles L. Hardy, Phoenix, for appellant and cross-appellee.

Favour & Quail, by Keith F. Quail, Prescott, Harry A. Stewart, Jr., Phoenix, for appellees and cross-appellants.

KRUCKER, Judge.

This matter is presently before this court concerning the allowance of costs to appellant who prevailed on appeal. (See O'Malley Investment and Realty Co. v. Trimble, 5 Ariz.App. 10, 422 P.2d 740 (1967); review denied April 4, 1967) Our decision reversed the lower court judgment in favor of appellees and directed the lower court to enter judgment in favor of the appellant. Since resolution of this procedural question concerning allowance of costs would be of interest to members of the bar of this state, we have decided to issue this written opinion concerning same.

The statement of costs filed herein includes, in addition to certain costs of appeal, an itemization of superior court costs. Appellees filed objections to the entire statement of costs on the grounds that it was premature in that "the mandate of this court has not issued, and no judgment has been rendered in this litigation." As authority for their position, they cite A.R.S. § 12–346 which provides for the filing of a statement of costs "within ten days after judgment." We agree with this "prematurity" objection as to the superior court costs, but it is inappropriate as to costs on appeal which are governed by Rule 13(a), Rules of the Supreme Court, 17 A.R.S. This rule provides for the filing of a statement of costs within ten days after notice that a "decision" has been rendered by the appellate court. The appellant's statement of costs on appeal was therefore filed about sixty days late (not until three days after denial of review by the Supreme Court). However, appellees having failed to object to the delayed filing, the objection is deemed waived. Tovrea v. Superior Court In and For Maricopa County, 101 Ariz. 295, 419 P.2d 79 (1966).

Appellant claims as a cost in this court the sum of $24 for "preparation of exhibits." It would appear from the date that this expenditure was incurred that the exhibits were prepared for purposes of oral argument before this court. Costs are a creature of statute. Stewart v. Lee-Stewart, Inc., 5 Ariz.App. 216, 425 P.2d 118 (1967). The subject item does not fall within the *specific* costs allowable under A.R.S. § 12–331 nor within the "catch-all" language of subsection (5) providing for "disbursements * * * incurred pursuant to an order of the court or agreement of the parties." We hold that it is not properly includible as a cost on appeal and is therefore disallowed. Appellant is entitled to recover the following costs on appeal:

| | |
|---|---:|
| Filing Fee | $ 25.00 |
| Abstract of Record | 618.50 |
| Reporter's Transcript | 982.00 |
| Minute Entries | 25.00 |
| Printing brief | 136.35 |
| Printing brief | 85.47 |
| Total | $1,872.32 |

The appellant's statement of superior court costs must be submitted to the superior court since we have reversed the judgment below and directed the trial court to enter judgment for the appellant. A.R.S. § 12–346 in pertinent part provides:

"A. The party *in whose favor judgment is rendered* and who claims costs shall file a verified statement of his costs and serve a copy thereof on the opposing party. The statement shall be filed and served within ten days *after judgment,* unless for good cause shown the time is extended by the court." (Emphasis supplied)

 This statute pertains to superior court and costs incurred therein. The "judgment" referred to is the judgment entered in superior court, whether entered by such court on its own initiative or at the direction of an appellate court. In this case, appellant will have no "judgment" within the purview of the aforesaid statute until the mandate of this court has been issued and judgment entered below in compliance therewith.[1]

We find further evidence of the legislative intent that taxation of superior court costs be made in superior court in A.R.S. § 12–2105 which provides in pertinent part:

"A. When the supreme court *affirms* the judgment or order appealed from, *it shall give judgment* against appellant and the surety upon the bond for costs on appeal *for costs of the supreme court and the court below."* (Emphasis supplied)

Allowance of superior court costs by the appellate court upon affirmance is logical since the appellee, successful party on appeal, would have already filed a statement of such costs within ten days after judgment. Orderly procedure dictates that superior court is the proper forum to rule on allowance of costs incurred in such court.

The costs on appeal hereinabove set forth are approved and shall be allowed in the mandate which issues from this court contemporaneously herewith.

HATHAWAY, C. J., and MOLLOY, J., concur.

---

1. A.R.S. § 12–2103 provides that the supreme court of this state "may affirm, reverse or modify a judgment or order appealed from, and *may render such judgment or order as the court below should have rendered,* or may remand the action to the court below *with directions to render such judgment* or order." Although this court is not specifically mentioned in this statute, we believe it was the legislative intent in creating the court of appeals to give it the same general powers in reviewing a judgment. See Articles 1.1 and 1.2, Title 12 A.R.S., in particular A.R.S. §§ 1–120.21, subsec. A(2); 12–120.22; and 12–120.23.