432 P.2d 469

**Lawrence G. CHANTLER and Gertrude E. Chantler, his wife, Appellants,**

v.

**Allen WOOD and Ardys E. Wood, his wife, Appellees.**

**No. I CA–CIV 424.**

Court of Appeals of Arizona.

Oct. 16, 1967.

Biaett & Bahde, by Kenneth Biaett, Phoenix, for appellants.

Favour & Quail, by Keith F. Quail and Thelton D. Beck, Prescott, for appellees.

DONOFRIO, Judge.

The opinion of this Court was filed on July 25, 1967, and is reported in 6 Ariz. App. 134, 430 P.2d 713 (1967). A petition requesting that the Arizona Supreme Court review the opinion was forwarded to that Court and the Supreme Court denied the request for review on October 3, 1967. Prior to the petition for review, the successful appellees, being the plaintiffs in the trial court, filed their timely statement of costs, to which timely objections were filed. This Court did not rule upon the issues so framed, pending the Supreme Court's ruling on the petition for review. The matters raised by the statement of costs and the objections thereto are now properly before the Court. Because of the importance of the issues raised, we will depart from our usual procedure of ruling by a minute entry order and we enter our ruling by a formal written opinion.

In the trial court the plaintiffs sought dual relief; that is, they sought reformation of a deed and they requested that title be quieted in them. In the opinion heretofore rendered by this Court, we approved this procedure.

Attorney's fees are allowable in the trial court to the successful plaintiff in a quiet title action pursuant to the authority of A.R.S. Section 12–1103. Subsection B states, in part:

"* * * the court may allow plaintiff, in addition to the ordinary costs, an attorney's fee to be fixed by the court."

The trial court taxed the normal costs allowed to litigants and under the authority of the above section, included an allowance for attorney's fees. The trial court's allowance of attorney's fees was contested on the appeal and we held that plaintiffs were entitled to reasonable attorney's fees for the time spent on the quiet title feature of the case and upheld the fee fixed by the trial court.

In the statement of costs now under consideration, the appellees specify:

1. "Appellees request that the mandate of this Court direct judgment against appellants for appellees' taxable

costs in the Superior Court and in the Court of Appeals,"

2. Normal costs in the Court of Appeals, and

3. "Attorneys' fees assessable as a cost against the appellant Lawrence G. Chantler, Individually, pursuant to the judgment and decree in the court below and A.R.S. Section 12–1103:

\* \* \*

"Appellees respectfully move for an order of this Court assessing an attorneys' fee for legal services rendered in defense of the appeal in this matter \* \* \*"

 The opinion filed by this Court on May 18, 1967, in the case of O'Malley Investment and Realty Company v. Trimble, 5 Ariz.App. 434, 427 P.2d 926 (1967), establishes that the costs incurred in the trial court are properly taxable by the trial court and not by the Court of Appeals. We hold that we will not reassess the costs incurred in the trial court.

No objections have been presented to this Court in relation to the costs claimed by the appellees for their Court of Appeals filing fees or for the cost of their Court of Appeals brief, and these costs are taxed as follows:

| | |
|---|---|
| Appellees' filing fees . . . $ | 15.00 |
| Appellees' brief . . . . . | 51.00 |
| Total . . $ | 66.00 |

The most serious problem presented to us concerns the request for allowance for attorney's fees. A.R.S. Section 12–1103 is contained within Chapter 8 of the Arizona Revised Statutes, the Chapter heading being "Special Actions and Proceedings Relating to Property". The Chapter relates exclusively to the remedies which are available in the trial court. We hold that attorney's fees are not allowable under the authority of A.R.S. Section 12–1103 for an appeal in a quiet title action. We need not concern ourselves with the sum which would be reasonable if we had the authority to fix that sum. Nor, need we concern our-

selves with whether the sum must be fixed by the Court of Appeals, or could be referred to the trial court for hearing and determination.

Upon the issuance of the mandate in relation to this opinion, the costs in the Court of Appeals will be taxed in conformity with this opinion.

CAMERON, C. J., and STEVENS, J., concur.