471 P.2d 322

**STATE of Arizona, Appellee,**

v.

**Billy Joe ROWLAND, Appellant.**

**No. I CA–CR 264.**

Court of Appeals of Arizona,
Division 1.

June 25, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Jay Bundy, Yuma, for appellant.

HOWARD, Chief Judge.

This is an appeal from a conviction of burglary in the first degree.

The owner of a business closed his factory at noon on Saturday, September 6, 1969, and returned the following Monday morning at approximately 6:15 a. m. At that time he discovered that entry had been made into the office by force. There was office damage and property was missing.

The sole question presented by the appellant is as to the sufficiency of evidence to indicate whether the burglary occurred during the daytime or during the nighttime.

The evidence disclosed that the victim's office was burglarized sometime between noon, Saturday, September 6, 1969, and 6:15 a. m., Monday, September 8, 1969.

The State requests that we take judicial notice that the official records of the United States Weather Bureau, Yuma, Arizona, show that sunset on September 7, 1969, occurred at 6:56 p. m. and sunrise on September 8, 1969, at 6:17 a. m. It is proper for this court to take judicial notice of such facts. State v. Hunter, 102 Ariz. 472, 433 P.2d 22 (1967). However, the taking of such judicial notice is of no aid to the State in this case.

There is no other evidence in this matter, other than as hereinabove stated, relating to the time when the burglary was committed.

Our Supreme Court said:

"The state offered not one shred of evidence to show the actual time the burglary was committed. If there is no evidence as to the time of the burglarious

entry, it cannot be assumed that entry was made at night." State v. Bloom, 105 Ariz. 332, 464 P.2d 615 (1970).

"When * * * there is a reasonable doubt as to whether the burglary occurred in the nighttime, it is the duty of the jury to resolve that doubt in favor of the defendant and return a verdict of burglary of the second degree." State v. Hunter, supra, 433 P.2d at 27.

Since there is a reasonable doubt as to whether the burglary occurred in the nighttime we, pursuant to A.R.S. § 13–1716,[1] and the holdings of our Supreme Court in the *Hunter* case, modify the judgment of conviction to second degree burglary.

As modified, the judgment is affirmed, and the cause is remanded to the trial court for the purpose of passing sentence.

KRUCKER and HATHAWAY, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

---

1. In O'Malley Investment and Realty Co. v. Trimble, 5 Ariz.App. 434, 427 P.2d 926 (1967), the court in footnote 1 said: " * * * we believe it was the legislative intent in creating the court of appeals to give it the same general powers [as the Supreme Court] in reviewing a judgment."