520 P.2d 330

**STATE of Arizona, Appellee,**

v.

**Thadeus L. EMINOWICZ, Appellant.**

**No. 1 CA–CR 562.**

Court of Appeals of Arizona,
Division 1,
Department B.

March 12, 1974.

Rehearing Denied April 9, 1974.

Review Denied April 30, 1974.

Gary K. Nelson, Atty. Gen. by Michael C. Anderson, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender for Maricopa County by John Foreman, Asst. Public Defender, Phoenix, for appellant.

OPINION

JACOBSON, Chief Judge, Division 1.

This appeal necessitates a determination as to whether or not there are any exceptions to the statutory requirement of announcement of purpose in execution of a search warrant (A.R.S. § 13–1446). In essence, the question is whether a "no-knock" warrant may be issued and executed in Arizona.

Appellant-defendant, Thadeus L. Eminowicz was charged with illegal possession of both heroin and marijuana. After the trial court denied defendant's motion to suppress evidence as a result of the execution of a search warrant, the matter was submitted to the court for trial without a jury on stipulated facts. Defendant was found guilty of possession of heroin only. He now appeals the trial court's denial of his motion to suppress.

The facts pertinent to the determination of this case are as follows: On January 26, 1972, Phoenix police officers secured a warrant to search a certain house in the City. The affidavit supporting the search warrant contained the following *information:* [1]

> "On the date of January 26, 1972, at approximately 6 p. m., the affiant learned the following information in the following manner: The informant states that all of the named suspects do possess firearms and do at many times conceal the firearms on their person. The informant also related to affiant that these listed suspects keep their firearms near their person when asleep. Also suspects have told informant that they would shoot anyone who comes into the house uninvited, including cops. On one occasion when suspect John Ornett was ar-

---

1. While a copy of the affidavit and search warrant are not in the record before this court, both parties agree that this quoted portion of the affidavit as set forth in briefs is correct.

rested, he had a loaded 380 caliber pistol on the seat beside him in the car.

"I, therefore, request that I receive a no-knock search warrant for the protection of both the officers and the subjects."

The warrant was executed at 7:30 the following morning by the officers who proceeded to the residence where one officer was stationed at the door with his shoulder to it. Another officer called out, "State Narcotics Officers, search warrant." Simultaneously, or at least prior to any time for a response, the officers broke the door down and rushed into the residence and into the bedroom where all persons were found asleep. Narcotics were found in the subsequent search of the residence.

On this appeal, defendant questions the reasonableness of the search on constitutional grounds and also on the basis that the search was conducted in violation of A.R.S. § 13–1446. Because we find that the search and seizure is controlled by A. R.S. § 13–1446 we do not reach the constitutional issues.

Arizona, as most jurisdictions, has enacted a statute which sets forth the requirements of announcement of purpose and authority prior to a forcible entry when executing a warrant. A.R.S. § 13–1446 [as amended] sets forth the following standards:

"B. An officer may break into a building, premises, or vehicle or any part thereof, to execute the warrant when:

"1. After notice of his authority and purpose, he receives no response within a reasonable time.

"2. After notice of his authority and purpose, he is refused admittance."

Under the facts of this case there can be no serious contention that this clear and unambiguous statute was complied with, by allowing a reasonable time for response to the announcement of authority. The state argues however that there are exceptions to this statute and that the facts of this case fall within one of those exceptions.

The contention that exceptions to this statute exist is based upon the Arizona Supreme Court dictum in State v. Mendoza, 104 Ariz. 395, 454 P.2d 140 (1969), which stated:

". . . to justify an exception to this section of the Arizona Code [A.R.S. § 13–1446(B)] providing for an announcement of the presence and purpose of the officers, there must be substantial evidence to cause the officers to believe that the evidence which they are seeking would be destroyed if their presence and purpose were announced . . . ." 104 Ariz. at 400, 454 P.2d at 145.

It is clear, however, that the *Mendoza* court decided only that the facts did not justify a judicial exception, and the above quote was dictum. No case to date in Arizona has squarely recognized any exception. To the contrary, the Court in State v. Brady, 105 Ariz. 592, 469 P.2d 77 (1970) indicated otherwise:

"A.R.S. § 13–1446 provides that an officer may break open a door to a house to execute a search warrant if, after notice of his authority and purpose, he is refused admittance. If the officer's entry does not comply with the requirements of this statute, the subsequent search is not lawful and the evidence obtained thereby not admissible." 105 Ariz. at 594, 469 P.2d at 79.

The *Brady* court went on to note:

"Mendoza merely determined that the search was unlawful where there was a complete failure by the officers to announce their identity and purpose before they broke open the door." 105 Ariz. at 594, n. 1, 469 P.2d at 80.

The State argues that exceptions are necessary to protect the lives of both the officers and the occupants, and also to preserve the desired evidence or contraband. While we agree that there are strong policy reasons which may weigh in favor of an exception, we cannot say that the legislature has not already made the determination, based on public policy, that the lives of all concerned are best protected by re-

quiring full compliance with A.R.S. § 13–1446 in all instances.

Where the legislature has enacted a statute dealing with execution of a search warrant which is clear and unambiguous on its face, we as a court may not weigh the reasons for and against such a statute —that is the province of the legislature. We are aware of other states with statutes similar to A.R.S. § 13–1446 which have made judicial exceptions to their statutes. "However, unlike California, this Court has not by a series of decisions engrafted a judicial exception to the statute." State v. Mendoza, 104 Ariz. at 398, 454 P.2d at 143. Accordingly, we decline now to engage in judicial legislation. If a remedy is needed, it is for the legislature to form one.

We therefore hold that the Justice of the Peace had no authority, either statutory or judicial, to issue a "no-knock" search warrant. The execution of such a warrant was illegal and the evidence obtained as a result of the illegal execution should have been suppressed.

Judgment reversed and matter remanded for a new trial.

HAIRE, P. J., and EUBANK, J., concur.