544 P.2d 1124

**STATE of Arizona, Appellee,**

v.

**Terry James ELIASON, Appellant.**

**No. 1 CA–CR 1095.**

Court of Appeals of Arizona,
Division 1,
Department B.

Jan. 8, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., and Stanley L. Patchell, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Rudolph J. Gerber, Deputy Public Defender, Phoenix, for appellant.

## OPINION

HAIRE, Chief Judge, Division 1.

Pursuant to A.R.S. § 13–621 the defendant was convicted of receiving stolen property, and was placed on probation for five years. One of the conditions of probation was that he serve one year in the county jail. He has filed this appeal, contending that the evidence which led to his conviction was inadmissible because it was obtained as a result of an unlawful search and seizure.

The defendant filed a motion to suppress which was submitted to the trial court on the record made at defendant's preliminary hearing. At a motion to reconsider the denial of the motion to suppress, it was stipulated that if the trial court should uphold its original denial of defendant's motion, then defendant's guilt or innocence should be determined from the preliminary hearing record and the police reports. The facts pertinent to defendant's contention that his initial detention and subsequent search were violative of his Fourth Amendment rights are as follows.

On July 16, 1974, at 3:00 a. m., as Phoenix police officer Willard Reger pulled into the parking lot of a convenience market located at 9019 North 19th Avenue, he observed a man standing in the shadows near the building. Officer Reger recognized this man and thought that there was a traffic warrant outstanding against him. He also observed the defendant who was standing inside the store at the counter. The officer noted the license of a vehicle parked in the lot and observed both men run to the car and leave the lot in such a manner that the vehicle's tires made a screeching noise. The officer went into the store to determine whether a robbery had occurred. He observed that the clerk was all right, and in response to his inquiry the clerk informed him that the man the officer had seen standing at the counter had offered the clerk a turquoise ring in exchange for an after-hours sale of a six-pack of beer. The defendant had told the clerk that the ring was worth $20, but the clerk said he believed it to be much more valuable. These observations, combined with the officer's knowledge of recent turquoise jewel thefts in the area, caused him to pursue the vehicle.

The officer stopped the pursued vehicle on Dunlap Avenue, several blocks from the store. At that time both occupants quickly got out of the car and approached him. He ordered them to place their hands in view and had them stand near a block wall. The officer then shined his flashlight into their vehicle to determine whether it contained other occupants. While looking into the car, he observed two wristwatches and a jewelry case between the front seats.

The officer then approached the occupants to discuss their actions at the store. He observed that the defendant, who was shirtless, was wearing several items of tur-

quoise jewelry, including a necklace. He questioned the defendant's companion about the transaction at the convenience market and was informed they were only trying to make a purchase. They were then read their *Miranda* rights by the officer. Pursuant to subsequent questioning, the defendant's companion produced the turquoise ring from his pocket that had been used in the attempt to purchase beer at the market and told the officer he had purchased it for $20. The officer then requested the keys to the vehicle. Defendant refused and both men were placed in the police vehicle. The officer went to defendant's vehicle, opened the driver's door and observed the keys in the ignition. He also observed various items of jewelry in the car and then proceeded to open the trunk which contained numerous items of turquoise jewelry.

Defendant's argument that the initial detention was unreasonable is without merit. The facts observed by the officer and information related to him by the store clerk clearly gave rise to a rational and reasonable suspicion on his part that criminal activity might be afoot. *Terry v. State of Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *State v. Ruiz*, 19 Ariz.App. 84, 504 P.2d 1307 (1973); *State v. Baltier*, 17 Ariz.App. 441, 498 P.2d 515 (1972). The reasonableness of the governmental invasion of the citizen's personal security is the central inquiry in an investigatory stop such as this, *State v. Ruiz, supra*. The observed behavior of the defendant and his companion, coupled with the officer's information concerning the ring and his knowledge of recent turquoise jewel thefts, is clearly sufficient to furnish a rational foundation for the initial detention.

Defendant next argues that the search of his car was unlawful because not made upon probable cause. While warrantless searches of automobiles are more readily upheld than similar searches of homes, offices or buildings, because of the mobility of automobiles, *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed. 2d 419 (1970); *State v. Benge*, 110 Ariz. 473, 520 P.2d 843 (1974), such searches, nevertheless, must be supported by probable cause. An officer has probable cause to make a warrantless search of a vehicle when he has a reasonable belief, arising out of circumstances known to him, that the vehicle contains contraband. *Chambers v. Maroney, supra*; *State v. Lawson*, 107 Ariz. 603, 491 P.2d 457 (1971); *State v. Williamson*, 20 Ariz.App. 397, 513 P.2d 686 (1973). Here, there is substantial evidence supporting the trial court's conclusion that Officer Reger had probable cause to believe, prior to beginning his warrantless search, that he would find contraband from a recent jewel theft. Immediately after stopping defendant's vehicle the officer observed a jewelry box and wristwatches in the vehicle. He observed defendant wearing numerous articles of turquoise Indian jewelry and was given a suspicious explanation as to the acquisition of the ring in light of the clerk's evaluation of the ring. These additional facts which became known to the officer after the stop, coupled with his previous observations of the defendant and his companion at the store, the information obtained from the store clerk, and the officer's knowledge of recent turquoise burglaries created a substantial evidentiary basis in support of the trial court's determination that probable cause for the search existed. When the trial court's determination is supported by substantial evidence, this Court will not substitute its evaluation of the evidence in an attempt to reach or justify a different conclusion. *Compare State v. Ballinger*, 19 Ariz.App. 32, 504 P.2d 955 (1973); *State v. McMann*, 3 Ariz.App. 111, 412 P.2d 286 (1966); *Burke v. Superior Court in and for the County of Sonoma*, 39 Cal.App.3d 28, 113 Cal.Rptr. 801 (1974); *with Navajo Freight Lines, Inc. v. Liberty Mutual Ins. Co.*, 12 Ariz.App. 424, 471 P.2d 309 (1970). We therefore hold that the trial court properly denied defendant's motion to suppress and that therefore, the evidence

which led to his conviction was properly admitted.

Under A.R.S. § 13–1715, this Court is required to search the record for fundamental error, regardless of defendant's failure to object at trial or to raise the issue on appeal. *State v. Mendiola,* 112 Ariz. 165, 540 P.2d 131 (1975); *State v. Hanley,* 108 Ariz. 144, 493 P.2d 1201 (1972); *State v. James,* 10 Ariz.App. 394, 459 P.2d 121 (1969). Reversal is required where the fundamental error was prejudicial to the defendant. *State v. Anderson,* 110 Ariz. 238, 517 P.2d 508 (1973); *State v. Mendiola, supra.* After reviewing the record, it is evident that there were two instances in which fundamental error may have occurred. As a result we are confronted by two issues. First, following the defendant's request for submission of the issue of guilt based upon the preliminary hearing transcript and police report, did the defendant comprehend the significance of the submission, and knowingly waive his rights? Second, was the judgment rendered absent evidence in the record of one of the elements of the offense of felonious receipt or purchase of stolen property? Both the State and the appellant, at the request of the court, have filed supplemental memoranda on these issues.

In *State v. Crowley,* 111 Ariz. 308, 528 P.2d 834 (1974), the Supreme Court, faced with a defendant who had also submitted the issue of guilt based upon the preliminary hearing record, stated that:

> "The trial court must determine, and the record must reflect, that the defendant understood the significance and consequences of submitting the case on the basis of the preliminary hearing transcript. It must affirmatively appear in the record that the defendant knew that he was giving up the right to trial by jury, to testify in his own behalf, to call any witnesses, or to offer any further evidence. The record must reflect that the defendant understood that the whole issue of his guilt or innocence of the offense

charged was to be made upon the preliminary hearing transcript." 528 P.2d at 837.

The Supreme Court declared that the defendant-Crowley's signing of a document entitled "WAIVER OF RIGHT TO TRIAL BY JURY AND AGREEMENT TO SUBMIT CASE ON TRANSCRIPT" was not sufficient, in and of itself, to indicate a knowledgeable waiver of those rights enumerated by the court.

This Court has concluded that the following dialogue between the trial judge and defendant, which occurred subsequent to the defendant's request for submission, when coupled with his signing of a document similar to that signed by the defendant in *Crowley,* indicates that the defendant did knowingly waive his rights:

> "THE COURT: . . . your lawyer mentioned to me that there was a possibility that we would not have a trial in the traditional way that a person thinks about a trial, a courtroom and a jury and witnesses and that kind of thing, but instead would submit the matter to me, based upon the information in the preliminary hearing and also some of the police reports and that would be done now, but it would depend on how I ruled on the point of law on the motion that your attorney was making in your behalf.
>
> "Do you understand that?
>
> "DEFENDANT ELIASON: Yes.
>
> "THE COURT: Do you agree to do that? Does that—
>
> "DEFENDANT ELISON: That sounds satisfactory.
>
> "THE COURT: Is that agreeable with you?
>
> "DEFENDANT ELIASON: Yes.
>
> "THE COURT: Is that satisfactory to you?
>
> "DEFENDANT ELIASON: Uh-huh.
>
> "THE COURT: Is there anything that you do not understand that I have mentioned to you?

"DEFENDANT ELIASON: No.

"THE COURT: Do you have any question at all about what I am discussing with you?

"DEFENDANT ELIASON: No.

"THE COURT: . . . I would read the transcript and the documents and the police reports and determine from those things alone your guilt or innocence.

"Do you understand that, sir?

"DEFENDANT ELIASON: Yes.

"THE COURT: And you are willing to do that?

"DEFENDANT ELIASON: Yes, I am.

"THE COURT: And that's what you want to do?

"DEFENDANT ELIASON: Uh-huh." ·

While the trial court, in addressing the defendant, did not mention individually each right and await the defendant's reply, such a litany is not required. A common sense approach in making the determination of a knowledgeable waiver is sometimes superior to the adherence to an inflexible incantation which, as past experience has shown, all too often encourages form over substance.

Considering next the question of whether the evidence supports the conviction, we have concluded that the conviction was rendered without any supporting evidence relating to an essential element of the crime, and that this was prejudicial error.

▆ In its supplemental memorandum dealing with this issue, the State, citing *State v. Crowley, supra,* and *State v. Mendiola, supra,* contends that when the issue of guilt is submitted to the trial court based upon a preliminary hearing transcript, the defendant may preserve on appeal the issue of sufficiency of the evidence only if initially raised before the trial court. The State maintains that having failed to raise this point at the trial level, the defendant is now estopped from

having the issue considered on appeal. Neither *Crowley* nor *People v. Levey,* 8 Cal.3d 648, 105 Cal.Rptr. 516, 504 P.2d 452 (1973), relied upon in *Crowley,* addressed the issue of whether the question of the sufficiency of the evidence could be raised for the first time on appeal when the defendant had submitted the issue of his guilt based upon a preliminary hearing transcript. The cases in California dealing with this issue, decided after *Levey,* leave little doubt but that sufficiency of the evidence· can be raised on appeal. *See, People v. Martin,* 9 Cal.3d 687, 108 Cal.Rptr. 809, 511 P.2d 1161 (1973). *Bunnell v. Superior Court of Santa Clara County,* 13 Cal.3d 592, 119 Cal.Rptr. 302, 531 P.2d 1086 (1975). With respect to a suggestion by the State that the sufficiency of the evidence could not be raised on appeal, the *Martin* court stated:

"We have never held, however, that a submission on the transcript constitutes a waiver of the right to challenge on appeal the sufficiency of the evidence in support of a conviction.

"The rationale upon which we have held that a defendant who enters a guilty plea waives his right to an appellate challenge based on insufficiency of the evidence, [citations omitted] follows from the defendant's implied admission that the People have established or can establish every element of the charged offense, thus obviating the need for the People to come forward with *any* evidence. [Citations omitted]. There is no rationale, however, which warrants the finding of an implied admission of the existence of each element of a charged crime merely because the accused agrees to a determination by the court as to the existence of such elements on the evidence presented earlier at a preliminary hearing.

\* \* \* \* \* \*

"Whenever a defendant waives trial and submits his guilt or innocence on the transcript of a preliminary hearing the trial court must weigh the evidence con-

tained in the transcript and convict only if, in view of all matters properly contained therein, it is persuaded beyond a reasonable doubt of the defendant's guilt. In view of the foregoing it is clear that Prizant, by submitting the question of his guilt on the transcripts of the preliminary hearing, cannot be held to have waived his right to challenge the sufficiency of the evidence on appeal." 108 Cal.Rptr. at 813, 511 P.2d at 1165, 1166. (Emphasis in original).

The logic and reasoning of the above language is sound and therefore we adopt it as our own.

 The complaint filed against the defendant alleged only a felonious receipt or purchase of stolen property. Section 13–621A, 5 A.R.S., reads as follows:

"A person who, for his own gain, or to prevent the owner from again possessing the property, buys, conceals or receives personal · property, knowing or having reason to believe that the property is stolen, is guilty of a misdemeanor, if the value of the property bought, concealed or received is less than one hundred dollars, and is guilty of a *felony if the value of the property bought, concealed or received is one hundred dollars or more.*" (Emphasis added).

One of the elements of this crime is that the property, which the person was charged with receiving, have a value equivalent to or greater than $100. Although containing evidence on the remaining elements, the record upon which the verdict was based is void of evidence establishing the value of the merchandise the appellant was convicted of receiving. At the preliminary hearing, the owner of the stolen jewelry identified the jewelry found in defendant's possession as a portion of the jewelry stolen from the owner's store. However he did not testify as to the value of any of the identified jewelry. One of the police reports does contain an inventory of the articles stolen from the owner's store. However, there is no testimony connecting any of the jewelry admitted into evidence with the inventory list. Moreover, the description of the items located on the inventory of stolen jewelry is insufficient to link that jewelry to the jewelry which the defendant was convicted of receiving. A conviction in which there is an absence of evidence on an essential element of the crime cannot stand. *State v. Bollander,* 110 Ariz. 84, 515 P.2d 329 (1973).

 While the evidence was insufficient to render a guilty verdict for the felonious receipt of stolen property, the evidence was more than adequate to find the defendant guilty of a misdemeanor for the receipt of stolen property. It is well settled that this Court, upon a finding of insufficiency of the evidence, may modify the judgment to conform to the evidence under circumstances such as are presented here. *State v. Torres,* 109 Ariz. 421, 510 P.2d 737 (1973); *State v. Quila,* 108 Ariz. 488, 502 P.2d 525 (1972); *State v. Dixon,* 107 Ariz. 415, 489 P.2d 225 (1971); *State v. Hunter,* 102 Ariz. 472, 433 P.2d 22 (1967); *State v. Rowland,* 12 Ariz.App. 437, 471 P.2d 322 (1970).

Therefore, the sentence is set aside, the judgment of conviction is modified to conform to the evidence, and the matter remanded to the trial court for sentencing for the receipt or purchase of stolen property, a misdemeanor.

JACOBSON, P. J., and EUBANK, J., concur.