564 P.2d 401

**STATE of Arizona, Appellee,**

v.

**Ronald CHAGNON and William Chadwick, Appellants.**

**No. 1 CA–CR 2086.**

Court of Appeals of Arizona, Division 1, Department B.

March 22, 1977.

Rehearing Denied May 4, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Westover, Choules, Shadle & Bowen, P. C. by Allen J. Clark, Yuma, for appellants.

OPINION

WREN, Judge.

The appellants urge on this appeal that the trial judge erred in denying their motion to suppress since the search warrant was (1) executed in violation of A.R.S. § 13–1446(B), and (2) was insufficient on its face because it did not provide the magistrate with independent information to judge the reliability of a confidential informant. The appellants, following the denial of their motion to suppress, had submitted their case for trial to the court based upon the preliminary hearing and grand jury transcripts. They were found guilty of possession of marijuana and sentenced to two years probation.

Preliminarily, the State, in its answering brief, argued that the submission was tantamount to a guilty plea and thus waived any non-jurisdictional defect which may have occurred. The State analogizes the submission to a guilty plea and notes that several Arizona cases have held that a defendant who pleads guilty may not thereafter raise a non-jurisdictional defect on appeal. *See e. g., State v. Lerner*, 113 Ariz. 284, 551 P.2d 553 (1976); *State v. Martinez*, 102 Ariz. 215, 427 P.2d 533 (1967); *State v. Murphy*, 97 Ariz. 14, 396 P.2d 250 (1964). The submission is also compared to a plea of nolo contendere, which the State asserts waives all non-jurisdictional defects. *State v. Arnsberg*, 27 Ariz.App. 205, 553 P.2d 238 (1976). It is acknowledged that no Arizona case has specifically held that a submission waives all non-jurisdictional defects. However, the State concludes that since the practical effect and the mechanics of a submission and a nolo contendere plea are identical, the appellants should be foreclosed from raising non-jurisdictional issues on appeal. *State v. Arnsberg*, supra. We disagree.

A nolo plea, like a guilty plea, does waive jurisdictional defects. *State v. Arnsberg*, supra. However, a nolo plea, like a guilty plea, can only be supported by a factual basis in the record. *State v. Norris*,

113 Ariz. 558, 558 P.2d 903 (filed Dec. 20, 1976). Where a conviction is based on a guilty plea, the sufficiency of the evidence against the accused is not subject to review on appeal. *State v. Nicholson*, 109 Ariz. 6, 503 P.2d 954 (1972). However, the sufficiency of the evidence to support a conviction after a submission of the case to the court based on stipulated evidence may be reviewed on appeal. *State v. Eliason*, 25 Ariz.App. 523, 544 P.2d 1124 (1976). In addressing this issue *Eliason* cited with approval *People v. Martin*, 9 Cal.3d 687, 108 Cal.Rptr. 809, 511 P.2d 1161 (1973).

" 'The rationale upon which we have held that a defendant who enters a guilty plea waives his right to an appellate challenge based on insufficiency of the evidence, [citations omitted] follows from the defendant's implied admission that the People have established or can establish every element of the charged offense, thus obviating the need for the People to come forward with *any* evidence. [Citations omitted]. There is no rationale, however, which warrants the finding of an implied admission of the existence of each element of a charged crime merely because the accused agrees to a determination by the court as to the existence of such elements on the evidence presented earlier at a preliminary hearing.

\*    \*    \*    \*    \*    \*

'Whenever a defendant waives trial and submits his guilt or innocence on the transcript of a preliminary hearing the trial court must weigh the evidence contained in the transcript and convict only if, in view of all matters properly contained therein, it is persuaded beyond a reasonable doubt of the defendant's guilt. . . . ' 108 Cal.Rptr. at 813, 511 P.2d at 1165, 1166." 25 Ariz.App. at 528, 544 P.2d at 1129.

We think it is apparent that a submission of the case to the court based on stipulated evidence is still a trial on the issue of guilt or innocence whether tanta-

mount to a guilty plea or not.[1] The trial judge must weigh the evidence contained in the transcripts and convict only if in view of all matters properly contained therein, he is persuaded beyond a reasonable doubt of the defendant's guilt. It necessarily follows that a defendant who submits his case for trial to the court on stipulated evidence may appeal any matters which he could have if the case had gone to trial before a jury or to the court upon other than stipulated, documentary evidence. *Cf., State v. Eliason*, supra. Moreover, it is readily apparent that the appellants here may well have submitted the question of their guilt or innocence, rather than pleading guilty for the express purpose of preserving for appellate review the trial court's denial of the motion to suppress.

Turning next to appellants' assertions, while we think the challenged affidavit supporting the search warrant was sufficient to support the magistrate's finding of probable cause, *see, State v. Jung*, 19 Ariz.App. 257, 506 P.2d 648 (1973); *State v. Castro*, 13 Ariz.App. 240, 475 P.2d 725 (1970), the conduct of the officers who executed the warrant brings this case squarely within the facts of *State v. Mendoza*, 104 Ariz. 395, 454 P.2d 140 (1969).

The evidence introduced at the motion to suppress revealed that the officers, after obtaining the search warrant, proceeded to execute the warrant. They approached the house at dark, dressed in civilian clothes, with the lead officer carrying his badge in his hand as he neared the door. The lead officer testified that he could observe one person seated at a kitchen table who, after seeing the three men approaching the house on the walkway, got up and started towards the living room. There was some dispute in the evidence as to the time elapsing between a knock on the door and the forcible opening of the door by the officers. The lead officer initially testified that the knock and opening were simultaneous; he later

---

1. [W]hen the preliminary hearing transcript shows that the evidence is more than sufficient to support a finding of guilty, such an agree-

ment has the same effect as a plea of guilty. *State v. Crowley*, 111 Ariz. 308, 528 P.2d 834 (1974).

elaborated upon this testimony by stating that simultaneously did not mean simultaneously, but that a period of no more than two seconds elapsed between the knock and the opening of the door. However, more importantly, we note that there was no contradiction in the testimony of the officer that he at no time announced his identity or purpose before opening the door and entering the living area of the home. This was precisely the factual issue presented to the court in *Mendoza*, supra.

The appellant urges that the case is controlled by *Mendoza* and *State v. Eminowicz*, 21 Ariz.App. 417, 520 P.2d 330 (1974). The State did not respond to appellants' argument. Rather, the State argues that appellants have only contended that the officers did not wait a reasonable amount of time before opening the door. This, clearly, is not what the appellants have asserted in their opening brief.

The officers' failure to identify themselves and their purpose obviously creates a difficult issue in light of *Mendoza*, supra, and *Eminowicz*, supra. As noted by the court in *Eminowicz*, supra, no case in Arizona has squarely recognized any exception to the requirements set forth in A.R.S. § 13–1446(B).[2] The *Eminowicz* court, furthermore, noted that a possible exception to the statute was suggested in *Mendoza*, supra, but that the possible judicial exception was stated in dicta in the case. Moreover, the court went on to observe that in a case subsequent to *Mendoza*, supra, *State v. Brady*, 105 Ariz. 592, 469 P.2d 77 (1970), our Supreme Court stated, "If the officer's entry does not comply with the requirements of this statute, the subsequent search is not

lawful and the evidence obtained thereby not admissible." Id. at 594, 469 P.2d at 79, under the facts of this case there can be no serious contention that the clear and unambiguous statute was complied with.

Even if we were to presume that the judicial exception suggested in *Mendoza*, supra[3] were viable, we do not think that there was substantial evidence presented to the trial judge which would have supported a finding that there was cause for the officers to believe that the evidence which they were seeking would be destroyed if their presence and purpose were announced. To the contrary, the evidence presented at the motion to suppress clearly militates against such a finding. The officer testified that he saw one of the defendants move towards the door in the living room away from the kitchen and refrigerator where he was informed the drugs were kept. It is apparent that the officers had an unobstructed view through the window into the kitchen area. Furthermore, the officer testified that he heard no noises emanating from the dwelling which would have prompted him to believe that evidence was being destroyed.

He testified that he *assumed* that if the occupants had known they were police officers, the evidence would have been destroyed. This same justification, i. e., a bare assumption of destruction, for violating the statute was raised and rejected in *Mendoza*, supra. Moreover, the officers were not in uniform and only one of them displayed a badge.

The execution of the warrant was illegal and the evidence obtained as a result of the illegal execution should have been suppressed.

We further hold that the facts do not justify a judicial exception to § 13–1446, subsec. B; that to justify an exception to this section of the Arizona Code providing for an announcement of the presence and purpose of the officers, there must be substantial evidence to cause the officers to believe that the evidence which they are seeking to obtain by the search warrant would be destroyed if their presence and purpose were announced." *State v. Mendoza*, 104 Ariz. at 400, 454 P.2d at 145.

---

**2.** "B. An officer may break into a building, premises, or vehicle or any part thereof, to execute the warrant when:

1) After notice of his authority and purpose, he receives no response within a reasonable time.

2) After notice of his authority and purpose, he is refused admittance." A.R.S. § 13–1446(B).

**3.** "We hold that the officers failed to comply with § 13–1446, subsec. B in that they entered without announcing their identity and purpose.

The judgment is reversed and the matter remanded for a new trial.

SCHROEDER, P. J., and EUBANK, J., concur.