583 P.2d 1364

**STATE of Arizona, Appellee,**

v.

**Harold L. GOSSETT, Appellant.**

**No. 1 CA–CR 2812.**

Court of Appeals of Arizona,
Division 1,
Department A.

June 8, 1978.

Rehearing Denied July 20, 1978.

Review Denied Sept. 12, 1978.

Bruce E. Babbitt, former Arizona Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Division, and Lynn Hamilton, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Edward C. Voss, Deputy Public Defender, Phoenix, for appellant.

## OPINION

NELSON, Judge.

The appellant, Harold L. Gossett, was adjudged guilty of possessing heroin for sale.[1] Guilt was determined following submission of the case to the trial judge on a stipulated record. Appellant was thereafter sentenced to prison for a term of five to ten years. On appeal he contends that his motion to suppress 39 balloons containing heroin and other articles seized from his car should have been granted.

The basis of appellant's motion to suppress is set forth in the memorandum attached to the motion. The memorandum reads as follows:

"On February 2, 1977 the Defendant was stopped by uniformed members of the Phoenix Police Department ostensibly because they suspected him of drunken driving.

He thereafter allegedly gave his consent to have his car searched, during which search heroin was found.

At the evidentiary hearing on this matter the Defendant will establish that the stop of GOSSETT's vehicle was entirely a pretext, that the real reason the police stopped GOSSETT was that they desired to search his automobile and that therefore under the doctrine of *Blazak v. Eyman,* 339 Fed.Supp. 40 (D.Ariz.1971), GOSSETT's arrest on the traffic charge was a pretext, that the search of his

---

1. A.R.S. § 36–1002.01.

vehicle was in bad faith, and that he is entitled to have all items seized during that search suppressed because they were taken in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution."

At the preliminary hearing, Officer Resczenko testified that he had observed appellant's vehicle "weaving" over the dividing line between the curb lane and the passing lane on a street in Phoenix. *See* A.R.S. § 28–729(1). After he and another officer had stopped appellant, Officer Resczenko asked appellant if the officers could search appellant's car. After asking why and being told the officers just wanted to look in it, appellant responded: "Sure. Go ahead and search it." After the balloons containing heroin had been found and appellant had been taken to the police station, the officer asked him if he had consented to the search. Appellant replied: "Yeah, I let you search the car. Do you think I'd have let you search it, if I knew that stuff was in there?"

At the hearing on the motion to suppress, Officer Resczenko reaffirmed that the officers stopped appellant's car for the traffic violation and not to search it for contraband. The companion officer, Officer Evans, referred to the search as an "inventory search". At the conclusion of the hearing and after hearing argument on the single issue raised by appellant in his motion, the trial court denied the motion to suppress.

On the same day, the parties presented to the trial court an executed "waiver of trial by jury". They then proceeded to stipulate that the case would be submitted to the trial court for determination on the basis of the preliminary hearing transcript and police departmental and related reports. The trial court having previously read the stipulated record, appellant was immediately found guilty.

Appellant's counsel on appeal has seized upon Officer Evans' characterization of the search as an "inventory search", and contends that as such it was invalid. Counsel cites *State v. Ruiz*, 109 Ariz. 437, 511 P.2d 172 (1973), and *United States v. Edwards*, 554 F.2d 1331 (5th Cir. 1977).

The state counters with a threshold argument that since the submission was clearly tantamount to a plea of guilty [2] or no contest, it should have the effect of a guilty plea, that is, it should operate as a waiver of all non-jurisdictional defects, including an assertedly invalid search and seizure. *See, e. g., State v. DeFoy*, 109 Ariz. 159, 506 P.2d 1053 (1973). The State also argues that the search was consented to by appellant and therefore valid.

Appellee has argued its threshold position at considerable length. It has the laboring oar because its position is squarely at odds with *State v. Chagnon*, 115 Ariz. 178, 564 P.2d 401 (App.1977), in which this Court stated in response to a similar argument:

"We think it is apparent that a submission of the case to the court based on stipulated evidence is still a trial on the issue of guilt or innocence whether tantamount to a guilty plea or not [1]. The trial judge must weigh the evidence contained in the transcripts and convict only if in view of all matters properly contained therein, he is persuaded beyond a reasonable doubt of the defendant's guilt. It necessarily follows that a defendant who submits his case for trial to the court on stipulated evidence may appeal any matters which he could have if the case had gone to trial before a jury or to the court upon other than stipulated, documentary evidence. *Cf., State v. Eliason*, supra. [25 Ariz.App. 523, 544 P.2d 1124 (1976)]. Moreover, it is readily apparent that the appellants here may well have submitted the question of their guilt or innocence, rather than pleading guilty for the express purpose of preserving for appellate review the trial court's denial of the motion to suppress." (Footnote omitted) 115 Ariz. at 180, 564 P.2d at 403.

---

2. It clearly was, and the trial court proceeded to ascertain the intelligence and voluntariness of appellant's act in accordance with *State v. Crowley* and *State v. Woods, infra*.

Appellee argues that the reasoning in *Chagnon* has been rejected by our Supreme Court in *State v. Woods*, 114 Ariz. 385, 561 P.2d 306 (1977) and *State v. Garcia*, 115 Ariz. 535, 566 P.2d 683 (1977). Appellee points specifically to the following language in *Woods*:

"The totality of the circumstances shows this proceeding was not in any sense a trial, and the record, when fairly read, offers no hope that there could be an acquittal." 114 Ariz. at 388, 561 P.2d at 309.

So far as we can ascertain, Arizona is one of only three jurisdictions where "submissions" (California and Arizona) or "stipulated bench trials" (Illinois) [3] are in frequent use. Arizona has on some occasions referred to California authority for guidance. *See State v. Crowley*, 111 Ariz. 308, 528 P.2d 834 (1974) and *State v. Woods, supra.*

One California case, *Bunnell v. Superior Court* [4], 13 Cal.3d 592, 119 Cal.Rptr. 302, 308, 531 P.2d 1086, 1092–1093 (1975) states:

"Notwithstanding such agreements or the fact that conviction is a foregone conclusion, a submission of the cause for decision on the transcript is a trial.

The People attach unwarranted significance and claim consequences unauthorized by statute to this submission and others which they characterize as 'tantamount to a plea of guilty.' That phrase was used in *In re Mosley* (1970) 1 Cal.3d 913, 926, footnote 10, 83 Cal.Rptr. 809, 816, 464 P.2d 473, 480.

\*   \*   \*   \*   \*   \*

We did not purport to hold in *Mosley* that a submission has the same consequences as a guilty plea or that it may be equated to a guilty plea for other purposes, nor could we do so. The permissible pleas and the form in which they must be entered are specified by statute. (§§ 1016–1018.) It follows that a plea once entered remains in effect unless and until the court permits the defendant to withdraw it. An agreement to submit a case for decision on the transcript does not and cannot, therefore, supersede the plea of not guilty which necessarily precedes the agreement.

Many of the consequences which follow the entry of particular pleas are also of statutory or constitutional origin and are not subject to diminution by judicial fiat. Thus a defendant who has entered a plea of not guilty is entitled to the presumption of innocence and to require the People to assume the burden of overcoming that presumption by introducing evidence sufficient to establish his guilt beyond a reasonable doubt. (§§ 1019, 1096.) That the defendant agrees that the People may attempt to do so by the introduction of otherwise inadmissible evidence, i. e., the transcript of the preliminary hearing, or concedes the probability of conviction based on that evidence, in no way affects the People's burden. (*People v. Clements* (1962) 202 Cal.App.2d 284, 286, 20 Cal. Rptr. 766.)

Similarly, a defendant convicted of a criminal offense has a statutory right to appeal from the judgement unless the conviction is based on a plea of guilty or a plea of nolo contendere. (§§ 1237, 1237.-5.) That the conviction followed a submission in no way alters or circumscribes that statutory right or affects the scope of available appellate review. (*People v. Martin* (1973) 9 Cal.3d 687, 693–694, 108 Cal.Rptr. 809, 511 P.2d 1161.)

In summary, the defendant who submits his cause on the transcript does not give up his right to any trial, only to a jury trial, and, unless otherwise specified, to present additional evidence in his own defense. He preserves his right to appeal and to present argument at trial and on appeal regarding the sufficiency of the evidence and its legal significance, and to raise other appropriate issues, irrespec-

---

**3.** An interesting Illinois case which wrestles with the "tantamount" issue is *People v. Russ*, 31 Ill.App.3d 385, 334 N.E.2d 108 (1975).

**4.** *Bunnell* is the case in which the California Supreme Court directed trial judges to advise defendants in accordance with *Boykin*, even if the submission could not be divined to be "tantamount" to a guilty plea.

tive of any 'foregone conclusion' or understanding that he will be found guilty." (Footnote omitted)

We believe that the same underlying considerations are generally applicable in Arizona, and we accordingly see no error in the holding in *Chagnon*. We believe that what our Supreme Court meant in the passage which appellee emphasizes in *Woods*, quoted above, is that the guilt of the appellant in that case was a foregone conclusion.[5] *See also:* *State v. Jackson*, 118 Ariz. 270, 576 P.2d 129 (1978).

■ On the merits, we believe that appellant's motion to suppress was properly denied. Officer Evans' characterization of the search was not controlling. The motion itself alluded to the fact that appellant "allegedly gave his consent" to the search and attacked the search and seizure only on the basis that the stop was a pretext for the search. This attack was rejected upon a sound evidentiary basis by the trial court. Appellant's motion was narrowly based, and he failed to establish by evidence of specific circumstances a prima facie case that the evidence should be suppressed. Rule 16.-2(b), Rules of Criminal Procedure, 17 A.R.S. The stipulated record submitted to the trial judge also included the preliminary hearing transcript which indicates that appellant consented to the search. This may be considered on appeal, *State v. Randall*, 94 Ariz. 417, 419, 385 P.2d 709, 710 (1963), and it clearly demonstrates a valid consensual search. *See Annot.*, 9 A.L.R.3d 858 (1966), § 18, as supplemented.

There being no error, the judgment of conviction and sentence thereon are affirmed.

HAIRE, P. J., Department A, and FROEB, C. J., Division 1, concur.

---

**5.** Many of the early decisions on submissions involved a stipulation that decision would be based upon the transcript of preliminary hearing alone. More recently, police departmental reports and other similar non-testimonial material are included in the stipulated record and considered by the trial court in determining guilt or innocence.