James Raymond **NEAL**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 23718.

United States Court of Appeals
Ninth Circuit.

Aug. 13, 1969.

---

Gerald J. Strick (argued) and Mark I. Harrison, Phoenix, Ariz., for appellant.

Daniel R. Salcito (argued), Asst. U. S. Atty., Edward E. Davis, Richard K. Burke, U. S. Attys., Phoenix, Ariz., for appellee.

Before CHAMBERS and HAMLEY, Circuit Judges, and BEEKS, District Judge.*

PER CURIAM:

James Raymond Neal was convicted of bank robbery in violation of 18 U.S.C. § 2113, and the judgment was affirmed by this court. Neal v. United States, 9 Cir., 342 F.2d 730. In this proceeding under 28 U.S.C. § 2255, Neal seeks to set aside the conviction on the ground that during his joint trial with codefendant James Harvey Thompson, a Government witness was permitted to testify at length concerning a confession given by the co-defendant implicating Neal in the robbery. Thompson did not take the witness stand and Neal therefore had no opportunity to cross-examine him.

The district court denied the section 2255 motion, holding that while reception of this evidence involved constitutional error under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, a ruling made retroactive in Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100, the error was harmless beyond a reasonable doubt within the principles announced in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

In his brief on this appeal Neal argued that where there is a Bruton error, the harmless error rule of Chapman does not apply and reversal is invariably required. However, the Supreme Court has recently, in Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284, decided June 2, 1969, rejected a similar contention. At oral argument, counsel for Neal argued that Harrington must be taken as permitting consideration of the Chapman harmless error rule with regard to a Bruton error only where, as in Harrington, testimony concerning confessions of two or more co-defendants is received and the co-defendant who made the most damaging confession was available for cross-examination.

■ We do not agree that Harrington should be so limited. The circumstance that one co-defendant whose confession was received in evidence was available for cross-examination is a circumstance tending to show that the error was harmless. But nothing in Harrington indicates that, absent such a circumstance, a finding of harmless error is precluded.

■ Neal disagrees with the district court holding that the reception of evidence concerning the co-defendant's confession was harmless beyond a reasonable doubt. In our view the independent evidence of Neal's guilt, summarized in our prior Neal opinion, was overwhelming and fully supported the district court's determination.

Affirmed.

---

* The Honorable William T. Beeks, United States District Judge for the Western District of Washington, sitting by designation.