**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Raymond G. MENDOZA, Defendant-Appellant.**

**No. 26286.**

United States Court of Appeals, Ninth Circuit.

April 28, 1971.

**1108**

Victor Sherman, of Nasatir, Sherman & Hirsch, Beverly Hills, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Richard L. Jaeger, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL, BROWNING, and KILKENNY, Circuit Judges.

PER CURIAM:

Mendoza appeals from his conviction for possessing and passing three counterfeit ten dollar Federal Reserve notes. 18 U.S.C. § 472. He urges reversal on three grounds.

■ Mendoza, a Mexican-American, argues that he was not adequately warned of his rights as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), because the warnings were not given in Spanish as well as English. The testimony as to his ability to understand English was in conflict. The issue was one of credibility. The court resolved that issue in favor of the government. There was clearly substantial evidence to support the finding that Mendoza fully understood his rights and knowingly and voluntarily waived them. *See* Jordan v. United States, 421 F.2d 493, 496–497 (9th Cir. 1970); United States v. Valdes, 417 F.2d 335, 337–338 (2d Cir. 1969). *Cf.* United States v. Trabucco, 424 F.2d 1311 (5th Cir. 1970).

■ Mendoza argues that hearsay statements of an alleged accomplice, introduced at the trial for the limited, non-hearsay purpose of demonstrating probable cause for arrest, violated his right of confrontation under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). We assume, but do not decide, that a violation of *Bruton* occurred. Nevertheless, overwhelming independent evidence of Mendoza's guilt, including a full confession and positive, in-court identification by an eye witness, satisfies us that any error was harmless beyond a reasonable doubt. *See* Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1968); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); United States v. Maurice, 416 F.2d 234, 237 (9th Cir. 1969); Neal v. United States, 415 F.2d 599, 600 (9th Cir. 1969).

■ Finally, Mendoza argues that there was no probable cause for his arrest because the arresting agent relied on information from an informant of untested reliability. The informant was, by his own admission, an accomplice in the crime. He related the underlying circumstances of the offense to the arresting agent. His story, and his description of Mendoza, were corroborated by information obtained from eye witnesses. Under these circumstances, the agent's reliance on the informant was

justified. *See* Musgrove v. Eyman, 435 F.2d 1235 (9th Cir. Jan. 5, 1971); United States v. Jiminez Badilla, 434 F.2d 170 (9th Cir. 1970); Gilbert v. United States, 366 F.2d 923, 931 (9th Cir. 1966).

The judgment is affirmed.