550 P.2d 253
**STATE of Arizona, Appellee,**

v.

**Ronald Eugene PORTER, Appellant.**

**No. I CA–CR I 161.**

Court of Appeals of Arizona,
Division 1,
Department C.

June 1, 1976.
Rehearing Denied July 12, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div. and Frank T. Galati, Asst. Attys. Gen., Phoenix, for appellee.

Grayson M. Sandy, Jr., Phoenix, for appellant.

## OPINION

HAIRE, Chief Judge.

The appellant appeals from his conviction of robbery in Cause Nos. 83327 and 83424.[1] Appellant was found guilty by the trial judge after a trial to the court based on departmental reports and the preliminary hearing transcript. Following a finding of guilt, the trial judge imposed a sentence of five to seven years imprisonment for each conviction to run concurrently.

On appeal appellant argues:

1. The initial investigatory stop of a co-defendant's [Robbins] vehicle was unlawful;

2. The search and seizure of the wallets from that vehicle was made without probable cause;

3. The confession of co-defendant Robbins was obtained in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966);

4. The arrest of appellant was based solely upon the uncorroborated and untested statements of a co-defendnat acccomplice and was therefore without probable cause;

5. The incriminating statements made by the appellant were the "fruit" of unlawful police conduct and should have been suppressed.

The appellant was arrested following the confession of a co-defendant. The co-defendant had been arrested earlier in a separate incident without appellant being present. The co-defendant, Robbins, implicated the appellant as an accomplice in several robberies. He gave the police a description of appellant and told them where appellant worked. The description given to the police matched that of a suspect in the robberies in which appellant was implicated by Robbins' statement. Acting on this information, the police proceeded to appellant's place of work and arrested him.

On appeal, the appellant argues that his arrest and subsequent confession must be suppressed because they are the fruit of the poisonous tree. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963). Appellant premises his argument on the following facts. On August 29, 1974, a Phoenix police officer, Stevens, was directed to proceed to the area of Squaw Peak Park and told to be alert for possible armed robbery suspects. Stevens had been informed that an armed robbery had taken place earlier that evening at South Mountain Park. Officer Stevens was aware that a week prior to this an armed robbery had taken place at Squaw Peak Park which was followed in quick succession by an armed robbery at South Mountain Park. Officer Stevens was informed that the suspect vehicle involved in the South Mountain Peak robbery earlier that evening contained three white males, was a light colored Chevrolet Chevelle with loud pipes and that the suspects were armed. Officer Stevens stationed himself at the entrance to Squaw Peak Park, and later that evening observed the co-defendant Robbins' car enter the park. The vehicle had loud pipes and contained three white males. However, the automobile was a dark colored Chevrolet Chevelle. Officer Stevens decided that he would make an investigatory stop. Upon doing so, and, upon shining his light into the vehicle, he noticed several weapons lying on the floorboard behind the front seat. Soon after the stop by Officer Stevens, Sgt. Garrigan arrived at the scene and assumed command. By this time, the suspects had been directed to leave the automobile and were separated for questioning.

Soon thereafter, Sgt. Garrigan entered the vehicle, searched the glove compart-

---

1. While the record indicates that appellant appeals from the verdict and judgment entered in No. 83351, we note that there was a verdict of not guilty entered in that case.

ment, and found wallets belonging to the victims of the robbery which had occurred earlier that evening at South Mountain Park. At the time Sgt. Garrigan searched the vehicle, he was aware that two weapons had been found on the floor behind the front seat of the automobile, that a shotgun and rifle had been used in the South Mountain robbery earlier that evening, and that the suspect vehicle from the South Mountain robbery was a *dark* colored Chevrolet Chevelle rather than *light* colored as first understood by Officer Stevens.

### THE INVESTIGATORY STOP

■ We note that appellant was at no time present during the stop or subsequent search of co-defendant Robbins' vehicle on the night of August 29, 1974. As we understand appellant's argument, it is in the nature of a derivative claim flowing from the alleged primary illegality of the stop, search, and arrest of co-defendant. We cannot help but observe at the outset that the facts of this case suggest that appellant was without standing to urge suppression of the evidence based on the alleged unlawful stop, search, and statements of his co-defendant. *See, Brown v. United States*, 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed. 2d 208 (1973); *Alderman v. United States*, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); *Wong Sun v. United States, supra*; *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); *United States v. Lisk*, 522 F.2d 228, 231 (7th Cir. 1975); *State v. Elias*, 111 Ariz. 195, 526 P.2d 734 (1974); *State v. Vassar*, 7 Ariz.App. 344, 439 P.2d 507 (1968). Since the appellant was not present at the time the vehicle was stopped, and it appears the vehicle was not his, we think that appellant could properly have been required to show the requisite interest in the property to invoke the protection of the exclusionary rule. However, this issue was neither argued below, nor briefed on appeal. We therefore do not reach the issue of appellant's standing to object to the search and seizure of Robbins' vehicle.

■ Appellant's first argument on appeal, that the initial stop and detention of Robbins was unreasonable, is without merit. As stated earlier, the facts observed by the officers and information related to them by other officers and the victims of the robbery on August 29, clearly gave rise to a rational and reasonable suspicion on their part that criminal activity might be afoot. *Terry v. State of Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *State v. Ruiz*, 19 Ariz.App. 84, 504 P.2d 1307 (1973); *State v. Baltier*, 17 Ariz. App. 441, 498 P.2d 515 (1972). As noted by this Court in *State v. Eliason*, 25 Ariz. App. 523, 544 P.2d 1124 (1976), "The reasonableness of the governmental invasion of the citizen's personal security is the central inquiry in an investigatory stop such as this . . . ." 544 P.2d at 1127.

■ While appellant makes much of the fact that the vehicle stopped by Officer Stevens was a dark colored rather than a light colored Chevrolet Chevelle, we think that the circumstances taken as a whole were clearly sufficient to furnish a rational foundation for the initial detention of Robbins' vehicle. *See e. g., State v. Martinez*, 26 Ariz.App. 210, 547 P.2d 62 (filed March 23, 1976). The stop was a reasonable and limited intrusion into the occupants' personal security.

■ For his second argument, appellant urges that the search of Robbins' car was unlawful because it was not made upon probable cause. An officer has probable cause to make a warrantless search of a vehicle when he has a reasonable belief, arising out of circumstances known to him, that the vehicle contains contraband. *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *State v. Lawson*, 107 Ariz. 603, 491 P.2d 457 (1971); *State v. Eliason, supra*. Here, there was substantial evidence supporting the trial court's conclusion that Officer Garrigan had probable cause to search the Robbins' vehicle. We think that the facts, previously set out, which were known to Officer Garrigan prior to beginning his

warrantless search, provided him with probable cause to believe that he would find contraband from a recent armed robbery. When the trial court's determination is supported by substantial evidence, this Court will not substitute its evaluation of the evidence in an attempt to reach or justify a different conclusion. *State v. Eliason, supra.* We think that the trial court properly denied the motion to suppress based on the alleged illegality of the initial stop and subsequent search of the Robbins' vehicle.

Appellant next argues that Robbins' statement implicating him was tainted by a *Miranda* violation and that the use of the statement was the utilization of "fruit of the poisonous tree".

After being taken into custody, Robbins was informed of his *Miranda* rights, which he agreed to waive. Robbins thereafter admitted participating in the South Mountain Park armed robbery of August 29, 1974, and at a later time in the interview expressed a desire to say no more and that the interview terminate. His request was respected and interviewing ceased at that time.

The next morning, another Phoenix police detective sought out Robbins for further questioning. The officer advised Robbins of his *Miranda* rights and stated that he wished to discuss other robberies with Robbins. During this subsequent interview, Robbins implicated appellant in armed robberies at various Phoenix parks.

 Appellant argues that the subsequent questioning of Robbins was in violation of *Miranda* and that the statements were thus unlawfully taken and "in turn tainted the subsequent confession of the appellant." While we have previously assumed that appellant had the requisite standing to raise alleged Fourth Amendment violations with respect to the stop and search of Robbins' vehicle, we reject any argument that this appellant may object to the use by the police of statements taken from his co-defendant in violation of *Mir-*

*anda.* The purpose of the *Miranda* warnings is to safeguard the questioned individual's privilege against self-incrimination, a right which is personal to him. Appellant may not complain of any alleged violation of his co-defendant's Fifth Amendment rights, if any occurred. *See Byrd v. Comstock,* 430 F.2d 937 (9th Cir. 1970), cert. denied, 401 U.S. 945, 91 S.Ct. 960, 28 L.Ed.2d 228; *United States v. Bruton,* 416 F.2d 310 (8th Cir. 1969). As we have already noted, Robbins' statements were not obtained after any violation of his Fourth Amendment rights. If we assume that some benefits do flow from the application of the *Miranda* exclusionary rule in Fifth Amendment violation cases, those assumed benefits certainly do not justify the exclusionary extension here urged. Finally, appellant argues that his arrest was based solely upon the uncorroborated and untested statements of the co-defendant and was therefore made without probable cause. In reviewing the facts of this case, we do not find the indicia of unreliability found by the Arizona Supreme Court in *State v. Edwards,* 111 Ariz. 357, 529 P.2d 1174 (1975). The facts show that following Robbins' implication of appellant as a co-defendant in several other robberies, Robbins' description of appellant and his place of employment was confirmed by appellant's employer. The description of appellant was consistent with various physical descriptions contained in reports of robberies in which appellant had been implicated by Robbins. Upon arriving at appellant's place of employment, the detectives determined that a Ron Porter (appellant) was indeed employed there, and fit the description given by Robbins. At the time of appellant's arrival he was driving a vehicle which the arresting detective believed fit the description of a car used in a robbery for which appellant was later charged.

 We hold that the evidence supported the trial judge's determination that appellant's arrest was based upon probable cause. The circumstances known to the

officer, including the confession implicating appellant, supported the police officers' actions in proceeding to appellant's place of employment and there placing him under arrest. The fact that Robbins' statements demonstrated a knowledge of the underlying factual circumstances attendant to the robberies, that his declarations were against his penal interest, and the fact that his description of the alleged co-defendant, appellant, was later confirmed by the detectives at the time they observed Porter arrive at his place of employment in a vehicle which was close to the description of one used in one of the robberies, were of such weight as to demonstrate the reliability of the information given by Robbins. The police were therefore entitled to rely upon the information given by Robbins in effecting the arrest of appellant. *United States v. Hobson*, 519 F.2d 765 (9th Cir. 1975); *United States v. Mendoza*, 441 F.2d 1107 (9th Cir. 1971); *Musgrove v. Eyman*, 435 F.2d 1235 (9th Cir. 1971); *cf. United States v. Mahler*, 442 F.2d 1172 (9th Cir. 1971).

For the reasons previously stated in this opinion, we find no factual or legal basis for appellant's contention that his own confession was tainted, and therefore inadmissible.

EUBANK, P. J., and NELSON, J., concur.