NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

JOHNATHAN ARTHUR FIELDS,
*Appellant*.

No. 1 CA-CR 19-0464
FILED 6-18-2020

Appeal from the Superior Court in Maricopa County
No. CR2017-005707-001 DT
The Honorable Julie A. LaFave, Judge *pro tempore*

**AFFIRMED IN PART, VACATED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Jennifer B. Campbell and Vice Chief Judge Kent E. Cattani joined.

**M c M U R D I E**, Judge:

**¶1**         Jonathan Fields appeals his convictions and sentences for possession of dangerous drugs (methamphetamine), possession of marijuana, and two counts of possession of drug paraphernalia (pipe and baggie). Fields' counsel filed a brief following *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Fields was allowed to file a supplemental brief, and raised the following issues: (1) whether the superior court committed reversible error by admitting a syringe found at the scene into evidence because the State failed to test it for DNA; (2) whether the State violated Fields' due-process rights by failing to disclose "destroyed note cards" written by officers at the scene and later used to write their report; (3) whether the court committed reversible error by granting trial continuances "due to unavailability of [S]tate witnesses for trial"; and (4) whether officers obtained evidence based on an unlawful search and seizure. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we vacate one of Fields' convictions for possession of drug paraphernalia but otherwise affirm the convictions and sentences.

### FACTS[1] AND PROCEDURAL BACKGROUND

**¶2**         In June of 2017, police officers arrived at an apartment complex following a report that there were trespassers between apartments three and four. The officers found the apartments abandoned. They also found Fields and a woman in the apartment breezeway near apartments three and four. The officers noticed a syringe loaded with a red substance

---

[1]     We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against the defendant. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

on the ground next to Fields and the woman. Fields gave his name and date of birth. Upon obtaining Fields' name, the officers discovered Fields had an outstanding felony warrant. The officers arrested Fields and searched him incident to the arrest and found a pipe containing 64.4 milligrams of methamphetamine and a baggie containing 6.28 grams of marijuana.

¶3 While at the scene, Detective Aguirre wrote notes on the back of a notecard. Later, he used the notes to compose his police report. He then disposed of the notecard.

¶4 In October 2017, grand jurors indicted Fields for the crimes noted above. No charge was brought based on the syringe recovered at the scene.

¶5 As sentencing allegations, the State alleged: (1) aggravating circumstances under Arizona Revised Statutes ("A.R.S.") section 13-701(D)(11) for Fields' prior felony convictions within the ten years immediately preceding the offense; (2) Fields committed the crime while on release for another felony offense, A.R.S. § 13-708(D); and (3) Fields had multiple historical prior felony convictions and was a category three repetitive offender under A.R.S. § 13-703. The court ordered that the State could only refer to two of Fields' prior felony convictions if he testified. Between January and September of 2018, Fields stipulated to, and the court granted eight trial continuances.

¶6 Fields testified during the trial and admitted to having two prior felony convictions. Fields testified that before his arrest, he was riding his bike with no drugs or paraphernalia in his possession when he was attacked from behind. The next thing he remembered was waking up in the jail's medical ward with a head injury. He said he was prescribed pain medicine in the jail's medical department and was there for two weeks. The court admitted the syringe, pipe, and baggie into evidence without objection.

¶7 The court overruled defense counsel's objection to the following two comments made by the State during closing argument: (1) "while the burden is entirely on the state and the [d]efendant doesn't have to produce anything, both parties have the same subpoena power to bring witnesses on that stand to testify"; and (2) "[l]ook at all of the evidence he could have given you to support his story and didn't." After deliberations, the jurors found Fields guilty as charged.

¶8 After an aggravating-circumstances hearing, jurors found beyond a reasonable doubt Fields was on felony release at the time he

committed the crimes. Before sentencing, the parties acknowledged Fields admitted to the two prior felonies at trial, and the State dismissed all other sentencing allegations. The court imposed concurrent sentences totaling 9 years' imprisonment with 775 days' presentence incarceration credit. This included two sentences for possession of drug paraphernalia.

**¶9**          Fields appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**A.     The Superior Court Did Not Err Regarding Any Issue Raised in Fields' Supplemental Brief.**

**¶10**          In his supplemental brief, Fields raised the issues noted above. We resolve them in-turn.

> **1.     The Superior Court Did Not Err by Admitting the Syringe into Evidence without DNA testing.**

**¶11**          "Police generally have no duty to seek out and obtain potentially exculpatory evidence," *State v. Torres*, 162 Ariz. 70, 76 (App. 1989), or "gather evidence for the accused to use in proving his defense," *State v. Rivera*, 152 Ariz. 507, 512 (1987). In *Torres*, the defendant argued that the State's failure to test a bag of heroin found near the defendant for fingerprints constituted a denial of his due-process rights. 162 Ariz. at 72, 75. This court held the absence of the defendant's fingerprints on the bag of heroin did not preclude jurors from finding he possessed it, and the State's failure to collect fingerprints did not violate due process. *Id.* at 75–76. Further, in *Rivera*, the defendant argued the State's failure to test his blood-alcohol content at the time of his arrest denied him due process because it was "tantamount to losing or destroying evidence favorable to [his] defense" in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). 152 Ariz. at 511. This court held that the State had no duty to perform a blood-alcohol test in the murder case, and no due-process violation occurred because "the State did not suppress, destroy or fail to preserve evidence. Rather, the State chose not to gather evidence of defendant's blood alcohol level to prove its case." *Id.* at 511–12.

**¶12**          Here, the State had no duty to test the syringe for DNA. Further, the State did not charge Fields for possession of the syringe, and the State's failure to test it did not preclude jurors from finding Fields possessed it or the items the officers located on him. Therefore, the court did not err by admitting the syringe into evidence without DNA testing.

## 2. The State Did Not Violate Fields' Due-Process Rights by Failing to Disclose the Destroyed Note Cards.

¶13    Fields argued the State suppressed exculpatory evidence in violation of his due-process rights because an officer destroyed notes written at the scene of the incident and used later to write his report. Similar arguments were rejected in *State v. Brooks*, in which the defendant argued the superior court erred by denying his motion to suppress his confession; alleging officers violated his due-process rights by destroying the notes they wrote during an interview with him and later incorporated into their final report. 127 Ariz. 130, 135 (App. 1980).

¶14    In *Brooks*, this court held the officers complied with Arizona Rule of Criminal Procedure 15.4, which provided that "[h]andwritten notes are not a statement if they were substantially incorporated into a document or report." 127 Ariz. 135 (citing Ariz. R. Crim. P. 15.4(a)(3), then Ariz. R. Crim. P. 15.4(a)(2)). The court held that the rule "was promulgated in order to alleviate the problem of requiring officers and attorneys to retain every scrap of notes taken in a case and also to prevent cross-examination on 'jottings' contained in a notebook." *Id.* It also noted that there was no evidence the officers acted in bad faith or that the defendant had been prejudiced by the officers' destruction of the notes. *Id.* at 135–36 (citing *State v. Johnson*, 122 Ariz. 260, 271–72 (1979)).

¶15    Here, the officers complied with Rule 15.4(a)(3). Detective Aguirre testified that he wrote notes on the back of a card, transposed them into his report, and then disposed of them. There is no evidence Aguirre acted in bad faith or that Fields was prejudiced by Aguirre incorporating his notes into his report and then discarding them. The State did not violate Fields' due-process rights.

## 3. The Superior Court Did Not Err by Granting the Trial Continuances.

¶16    Fields argues the court erred by granting continuances due to unavailable State witnesses, citing to *State v. Vasko*, 193 Ariz. 142 (App. 1998). This case is distinguishable from *Vasko* because Fields either moved for or stipulated to every motion to continue. Judicial estoppel prevents Fields from asserting that the court erred by granting the stipulated-to requests. *See State v. Towery*, 186 Ariz. 168, 182 (1996).

**4.    The Superior Court Was Not Required to Suppress the Evidence Seized by the Officers.**

¶17    Consensual encounters with police officers do not implicate the Fourth Amendment. *Florida v. Bostick*, 501 U.S. 429, 434 (1991). Further, officers may stop individuals briefly for investigation without their consent based on reasonable suspicion that they are involved in criminal activity. *Hiibel v. Sixth Jud. Dist. Ct. of Nev., Humboldt County.*, 542 U.S. 177, 185 (2004).

¶18    Additionally, courts need not suppress evidence seized during a search incident to arrest following the discovery of an arrest warrant, even when the warrant is discovered as a result of an unconstitutional investigatory stop, if the evidence seized is sufficiently attenuated from the unlawful stop. *Utah v. Strieff*, 136 S. Ct. 2056, 2059 (2016). To determine whether the connection is sufficiently attenuated, we consider the "temporal proximity" between the unlawful conduct and the discovery of the evidence, the "presence of intervening circumstances," and the "purpose and flagrancy of the official misconduct." *Id.* at 2062 (quoting *Brown v. Illinois*, 422 U.S. 590, 604 (1975)). If the discovery of the outstanding arrest warrant constituted a "critical intervening circumstance," and there is no evidence that the stop was "purposeful," "flagrant," or "part of any systemic or recurrent police misconduct," then the evidence discovered was sufficiently attenuated from the unlawful stop, and thus admissible. *Id.* at 2062–63.

¶19    Detective Aguirre testified that when he arrived at the scene, Fields stated his name and date of birth. It appears from the record the officers had reasonable suspicion to support an investigatory stop based on: (1) Fields' presence at the abandoned apartment complex in the exact location a tipster reported trespassers were located; and (2) the syringe loaded with a red substance found next to Fields. Even if the stop was unlawful, the discovery of Fields' outstanding warrant sufficiently attenuated the stop from the discovery of the evidence. The discovery of the warrant constituted a "critical intervening circumstance." Therefore, the court did not commit fundamental error by failing to suppress the seized items.

**B.    The Superior Court Did Not Err by Overruling Defense Counsel's Burden-Shifting Objections to the State's Closing Argument.**

¶20    We have reviewed the record for any additional arguable issues. *See Leon*, 104 Ariz. at 300. We address the superior court's decision

to overrule the defense counsel's objection to parts of the State's closing argument.

¶21 Arguing the State shifted the burden to the defense, defense counsel objected to two statements made during the State's closing argument: (1) "while the burden is entirely on the state and the [d]efendant doesn't have to produce anything, both parties have the same subpoena power to bring witnesses on that stand to testify"; and (2) "[l]ook at all of the evidence he could have given you to support his story and didn't."

¶22 The court did not err by overruling the objections.

> [P]rosecutor[s] may properly comment on the defendant's failure to present exculpatory evidence which would substantiate defendant's story, as long as it does not constitute a comment on defendant's silence. Such comment is permitted by the well recognized principle that the nonproduction of evidence may give rise to the inference that it would have been adverse to the party who could have produced it.

*State ex rel. McDougall v. Corcoran*, 153 Ariz. 157, 160 (1987) (citations omitted). In *State v. Herrera*, counsel for the defendant in a DUI case attacked the credibility of the arresting officers by arguing that had the State introduced the videotape of the defendant's field-sobriety tests; it would have provided jurors an objective view of what happened. 203 Ariz. 131, 137, ¶ 18 (App. 2002). The prosecutor argued in rebuttal that "[h]ad the video shown anything other than what [the officer] testified to, [the defendant] would have showed you that video." *Id.* This court held the prosecutor's remark was permissible and did not amount to burden-shifting because it "merely prevented [the defendant] from drawing a positive inference from evidence that he could have presented but did not." *Id.* at ¶¶ 20–21.

¶23 The State's comments in closing here did not amount to burden shifting. Fields testified he had been treated for a head injury at the jail for two weeks and was prescribed medicine. The State's comments were permissible to prevent jurors from drawing a positive inference from the lack of testimony by any medical staff at the jail or other witnesses who could have corroborated Fields' story.

## C. The Superior Court Violated the Double Jeopardy Clause by Sentencing Fields for Two Counts of Possession of Drug Paraphernalia for One Act of Possession.

**¶24** "Imposing multiple punishments for the same offense violates the Double Jeopardy Clause, which constitutes fundamental error." *State v. Soza*, No. 1 CA-CR 19-0003, 2020 WL 2487308, at \*1, ¶ 6 (Ariz. App. May 14, 2020). In *Soza*, this court held it is the "act of possessing drug paraphernalia" that defines the "unit of prosecution" under A.R.S. § 13-3415(A). *Id.* at \*5, ¶ 23. It violates Double Jeopardy to convict and sentence a defendant for multiple counts of possessing drug paraphernalia when the defendant simultaneously possessed the items. *Id.*

**¶25** Here, because the evidence only supports simultaneous possession of the paraphernalia, we must vacate a conviction and sentence for possession of drug paraphernalia, and modify the judgment to reflect that the defendant "committed only one violation of A.R.S. § 13-3415(A)." *Soza,* at \*5–6, ¶¶ 23, 27.

## D. We Find No Additional Arguable Issues.

**¶26** Fields was present and represented by counsel at all stages of the proceedings against him. Except for the conviction for two counts of possession of drug paraphernalia, the record reflects the superior court afforded Fields all his constitutional and statutory rights, and the proceedings were conducted following the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Fields' sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

**¶27**        We vacate one of Fields' convictions and sentences for possession of drug paraphernalia and modify the judgment to reflect a single conviction under A.R.S. § 13-3415(A). We affirm the other convictions and sentences. After the filing of this decision, defense counsel's obligations pertaining to Fields' representation in this appeal will end after informing Fields of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED:    AA